697 So.2d 1074 (1997)
STATE of Louisiana
v.
Plase J. ORDON.
No. 96-KA-1710.
Court of Appeal of Louisiana, Fourth Circuit.
July 16, 1997.
Harry F. Connick, District Attorney, Susan Erlanger Talbot, Assistant District Attorney, New Orleans, for Plaintiff/Appellee.
Edward Newman, Orleans Indigent Defender Program, New Orleans, for Defendant/Appellant.
Before LOBRANO, ARMSTRONG and LANDRIEU, JJ.
ARMSTRONG, Judge.
The defendant, Plase J. Ordon, was purportedly charged by bill of information with carrying a concealed weapon by a convicted *1075 felon, a violation of La. R.S. 14:95.1.[1] The defendant pled not guilty. The trial court denied his motion to suppress the evidence. Following trial, a twelve-member jury found the defendant guilty as charged. He was sentenced to serve ten years at hard labor without benefit of parole, probation, or suspension of sentence and ordered to pay a fine of $1000.00. He now appeals.
At trial, Officer Dick Beebe testified that he and Officer Michael Field were patrolling on January 11, 1996, in the 1700 block of Clouet Street when they saw several people near 1724 Clouet Street where a couple was sitting on the steps of a boarded-up house. The woman sitting on the steps had a cigarette lighter in one hand and what appeared to be a crack pipe in the other hand close to her mouth. The officers got out of the car and Officer Beebe detained the five people in front of the house while Officer Field detained the couple on the steps. Officer Beebe began a pat down search of the defendant, who was part of the group standing on the sidewalk, and felt what he thought was a knife in the defendant's rear pocket. When Officer Beebe retrieved it, he found it was a lock-blade pocket knife. A computer check of the defendant's name indicated that he had a felony conviction for narcotics. The officer then arrested the defendant for a violation of La. R.S. 14:95.1. Officer Michael Field testified that the knife had what he recalled was a four-inch serrated blade with a heavy black rubber handle.
There was a stipulation that the defendant pleaded guilty to possession of cocaine on September 23, 1988.
Plase Ordon testified that he worked at gardening, landscaping and tree trimming. He said that the knife he was carrying was part of his work equipment. Ordon said that he had been stopped by the police before while carrying the knife and they had never arrested him for it. The defendant said that he knew he could not have a gun but did not realize knives were prohibited. Under cross-examination, the defendant admitted that, in addition to the cocaine conviction, he had two convictions (1977 and 1987) for carrying a concealed weapon (both involving handguns), as well as a 1990 conviction for possession of stolen property.

ERROR PATENT:
We note an error patenta defective indictment (bill of information). The defendant was charged in the bill of information with having violated La. R.S. 14:95.1. That statute contains two possible methods of committing the offense. If a person has been convicted of certain enumerated felonies, he violates La. R.S. 14:95.1 if he (1) possesses a firearm or (2) carries a concealed weapon. The defendant in this case was found "guilty as charged with carrying a concealed weapon by a convicted felon." However, the bill of information had charged that the defendant "possessed a dangerous weapon, to wit: a KNIFE," having been previously convicted of an enumerated felony. The information made no mention of the necessary element that the knife was concealed. Therefore, the bill of information was defective because it failed to charge a crime punishable by a valid statute.
This type of a defective bill of information must be recognized on appeal by the appellate court as an error patent discoverable by a mere inspection of the pleadings, whether or not the issue was raised in a pretrial or post-judgment motion. La. C.Cr.P. art. 920; State v. James, 305 So.2d 514 (La.1974). However, in James, the Court overruled prior jurisprudence which mandated an automatic reversal of the conviction when such an error was discovered. Instead, the James court held that constitutional considerations did not require reversal "where in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the *1076 evidence in the instant prosecution." Id. at 516-17.
Applying this holding to the instant case, we find that the defendant was not unduly prejudiced. The defense did not file any pretrial discovery motions or an application for a bill of particulars, and waived the reading of the bill of information at arraignment. However, the initial police report is in the record and presumably was made available to the defense counsel in lieu of discovery. The "gist" contained in the police report states that the defendant was found in possession of a four inch lock blade knife in his right rear pocket. A combination hearing on a motion to suppress the evidence and a preliminary hearing was held on March 7, 1996. The arresting officer testified that he felt a hard object in the defendant's rear pocket which he thought was a knife; the officer placed his hand in the pocket and retrieved a knife. The officer testified that the defendant was immediately placed under arrest for carrying the knife. The charge was later upgraded after the officer determined that the defendant had a prior felony conviction.
At the trial, the court used written jury instructions. Those instructions reflect that, whenever the standard language of "possession of a firearm" was included, the language was changed to reflect "carrying a concealed weapon." Furthermore, the written verdict sheet clearly and correctly stated the charge as "carrying a concealed weapon by a convicted felon." Finally, the jury specifically found the defendant guilty of carrying a concealed weapon.
Additionally, at trial, the witnesses, including the defendant, were questioned regarding the concealment issue. When the defendant was testifying on direct examination, he explained that he lacked any intent to break the law, which he knew had an element of concealment:
I thought it was legal. I never thought that, you know, they told me when I got out of prison that I couldn't have a gun.
They didn't say, you know, anything about knives. You know, I always considered a concealed weapon a pistol or, you know, and that's something I stay away from.
Later, during cross-examination, the defendant was asked if the knife was fully concealed in his pocket. The defendant stated that he did not know, it could have been sticking up, but the police officer "said it was lying flat." This testimony indicates that the defendant had been apprised at the time of his arrest that his crime was concealing a knife. Further, the defendant explained that he sometimes carried the knife on his belt, but on the date in question he had placed in his pocket.
The record shows that the defendant and his counsel were adequately apprised that he was charged with and subsequently tried for carrying a concealed weapon, the knife found at the bottom of his pocket by police, by a convicted felon. The record clearly reflects that the defendant was convicted for carrying a concealed weapon by a convicted felon. The defective bill of information does not require reversal of the defendant's conviction.

ASSIGNMENT OF ERROR AND PRO SE ASSIGNMENT OF ERROR NO. 1:
Both defense counsel and defendant argue that the sentence is excessive. However, the basis of their arguments is erroneous. Both argue that the sentence is excessive because the defendant received ten years, which they assert was the maximum sentence allowed by law, and the circumstances of this case did not warrant the maximum sentence. Prior to August 15, 1995, La. R.S. 14:95.1 provided for a prison sentence of "not less than three nor more than ten years" for conviction of carrying a concealed weapon by a convicted felon. However, by Acts 1995, No. 987, § 1, eff. August 15, 1995, the legislature amended La. R.S. 14:95.1 to provide a prison sentence of "not less than ten nor more than fifteen years." The defendant was arrested for the instant offense on January 11, 1996, and thus was subject to a prison sentence of not less ten nor more than fifteen years. He received the minimum prison sentence (and fine) under the statute. Accordingly, we find no merit to this assignment of error.

*1077 PRO SE ASSIGNMENT OF ERROR NO. 2:

In his pro se brief, the defendant complains about his counsel's failure to recognize his "arrest warrant" as defective on its face. This appears to be a reference to a capias issued to the Criminal Sheriff to arrest, i.e., hold the defendant in custody, to answer a charge of La. R.S. 14:95.1 "felon with a firearm." In that capias the amount of the bond is reflected. This capias was issued on February 13, 1996, the date the bill of information was filed.
The defendant fails to indicate what prejudice he suffered because of the capias. First, the statute allegedly violated is correctly cited in the capias as La. R.S. 14:95.1. The additional statement of "felon with a firearm" is unnecessary. Moreover, the capias is not directed to the defendant but to the Criminal Sheriff; the sheriff already had the defendant in custody and the capias had no practical effect on the defendant's status. We find no merit to this assignment of error.
For the foregoing reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.
NOTES
[1] The bill of information (or indictment) was defective and in fact did not charge the defendant with this offense. See discussion relating to ineffective assistance of counsel infra.