DANIEL L. DYSART, Judge.
[ i Charles Harris appeals his jury conviction of being a felon in possession of a firearm (La. R.S. 14:95.1) and simple assault (La. R.S. 14:38). He contends that the trial court erred in failing to grant his motion for a new trial and that he had ineffective assistance of counsel. For the reasons set forth below, we affirm the conviction and remand to the trial court for the imposition of the mandatory fine called for in count one of the bill of information.
Background
On April 22, 2010, the State filed a two count bill of information charging the defendant in count one with being a felon in possession of a firearm (La. R.S. 14:95.1) and in count two with aggravated assault with a dangerous weapon (La. R.S. 14:37.4). The defendant pled not guilty; after the trial court found probable cause and denied the defendant’s motion to suppress, the matter proceeded to trial on November 16, 2010. On the date of trial, the State amended count two of the bill of information to charge the defendant with aggravated assault by discharging a weapon.
12Puring the deliberations phase, the jury submitted a written question to the court regarding the sentencing provisions of one of the two charges. In response to the question, the trial court addressed the jury, and the jury returned to its deliberations. The jury then found the defendant guilty as charged on count one and guilty of the lesser included offense of simple assault on count two.
On December 3, 2010, the defendant filed a motion for new trial and for post-verdict judgment of acquittal, which the trial court denied. After the defendant waived all legal delays, the court sentenced him on count one to ten years at hard labor without benefit of parole, probation, or suspension of sentence. As to count two, the court sentenced defendant to six months in parish prison. The two sentences were ordered to be served concurrently. The defendant filed a motion for appeal on the same day.
BACKGROUND
Because this appeal concerns a procedural, rather than factual issue, a recitation of the facts elicited at trial is not necessary. We focus, rather, on the specific issues at hand, concerning an exchange which took place during the jury’s deliberations. After receiving a written question from the jury regarding the applicable sentencing provision for count one of the bill of information, the trial judge seated the jury and the following exchange took place:
THE COURT:
All right. Let the record reflect that the jury is back with a question and everyone is present including the defendant. As I read the question — the question states as follows: Does attempted possession carry a lesser sentence? What is the sentence range? Sentencing is normally left up to me, and because it is, I cannot tell you if it’s a lesser sentence or not. You already know what| — the3 defense attorney has already told you what the sentence is as it is, but I cannot tell you or not. Yes?
THE JUROR:
*1225 Does the ten-year sentence come with parole?
THE COURT:
Yes, it covers that also, yes. The ten-year sentence insofar as — tell me some more about that. You say whether or not it covers parole. What do you mean?
THE JUROR:
Wasn’t there a mandatory state ten-year sentence for aggravated — I mean, one of the charges?
THE COURT:
Yes, it is.
THE JUROR:
Does that come with parole?
THE COURT:
Oh, does that come with parole, parole eligibility?
THE JUROR:
Parole eligibility?
THE PROSECUTOR:
Actually, it does, Judge.
THE COURT:
I can’t tell you. Any other questions? That’s it?
It is this exchange, and more particularly, the statement of the prosecutor that the charge comes with parole eligibility, that forms the basis of this appeal.

ERRORS PATENT

A review for errors patent reveals an error in defendant’s sentence. The sentencing provisions of La. R.S. 14:95.1 provide that a person | ¿convicted of possession of a firearm by a convicted felon “shall be imprisoned at hard labor for not less than ten nor more than twenty years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.” (Emphasis added).
We note that the district court failed to impose the mandatory fine as required. Accordingly, the defendant’s sentence is illegally lenient. In State v. Williams, 2003-0802 (La.App. 4 Cir. 10/6/03), 859 So.2d 751, this court held that a reviewing court must remand cases for the imposition of a mandatory fine where the trial court failed to do so. Accordingly, this matter shall be remanded to the trial court for the imposition of the mandatory fine for the felon in possession of a firearm conviction.
We further note that the record reflects that the defendant was not arraigned on the amended charge of aggravated assault by discharging a firearm. However, because the defendant did not object prior to trial, he is assumed to have plead not guilty to the charge. La.C.Cr. P. art. 555. Therefore, the failure of the record to show that he was arraigned on the charge warrants no relief. State v. Perez, 98-1407 (La.App. 4 Cir. 11/3/99), 745 So.2d 166.

ASSIGNMENT OF ERROR NUMBERS 1 & 2

As previously indicated, the defendant’s assignments of error, which he argues jointly, come solely from the prosecutor’s statement during deliberations that the sentence for count one provides for parole eligibility. The defendant contends that the trial court erred in failing to grant the motion for new trial and that he received ineffective assistance of counsel at trial.
IsThe defendant argues that he was prejudiced by the prosecutor’s statement, “[ajctually it does, judge” as the statement incorrectly conveyed to the jury that a conviction for attempted possession of a firearm by a convicted felon did not carry a prohibition against parole, as it does. The defendant argues that the questions submitted by the jury reflect that the jury *1226 “wanted to make sure Mr. Harris would benefit from either an attempt conviction or be eligible for parole.” The defendant contends that the prosecutor’s statement caused the jury to render a different verdict than it would have had the statement not been made, as the jury would have found the defendant guilty of attempted possession of a firearm by a convicted felon. As such, the defendant contends that the trial, court erred in denying his motion for new trial and now submits that his attorney provided ineffective assistance of counsel by failing to take some action in response to the prosecutor’s statement. He argues that his lawyer’s ineffective assistance provides a basis for granting his motion for new trial and an independent basis for relief by this court on appeal. For the reason’s set forth below, we feel the defendant’s assignments of error lack merit.
1). Failure to Grant Motion for New Trial
La.C.Cr.P. art. 851, which identifies the available grounds for a new trial, provides in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
[[Image here]]
|fi(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
A review of the records reflects that the defendant never raised the argument that he was prejudiced by the prosecutor’s statement or that he received ineffective assistance of counsel in either the motion for new trial or at the hearing on the motion. To the contrary, the motion for new trial appears to be a generic form motion without any specifics, and makes no mention of the errors under review. More particularly, the argument concerning the improper remark made by the prosecutor was never presented to the trial court for review. Accordingly, there is no basis to suggest that the trial court erred in denying the motion for new trial.
2). Ineffective Assistance of Counsel
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Landry, 499 So.2d 1320 (La.App. 4th Cir. 1986).
A defendant’s claim of ineffective assistance of counsel is to be assessed by a two-part test: the defendant must show that counsel’s performance was deficient and that the deficiency prejudiced defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). Counsel’s performance is 17ineffective when it can be shown that he made errors so serious that counsel was not functioning as the counsel guaranteed to the defendant by the Sixth Amendment. Strickland, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so *1227 serious as to deprive him of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4th Cir.1992).
The defendant contends that the prosecutor’s statement was a comment that should have led to mistrial under La. C. Cr. P. art. 770 or at least an admonition pursuant to La.C.Cr.P. art. 771, and that his lawyer was ineffective for failing to request either action after the prosecutor made the statement.
La.C.Cr.P. art. 770 provides:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
|8(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
La.C.Cr.P. art. 771 provides:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
Mistrial is a drastic remedy which should only be declared upon a clear showing of prejudice by the defendant. State v. Leonard, 2005-1382, p. 11 (La.6/16/06), 932 So.2d 660, 667. The mere possibility of prejudice is insufficient to warrant a mistrial. Id,
The defendant points to, and we see, no remark or comment under art. 770 upon which a mistrial could have been granted. Thus, there is no basis to suggest that the prosecutor’s statement could have resulted in a mistrial. However, to the extent the statement at issue incorrectly informed the jury that a conviction for attempted pos *1228 session of a firearm by a convicted felon [i)did not carry a prohibition against parole, as previously noted, defense counsel certainly could have taken some action to remedy the incorrect statement. No such action was taken.
Nevertheless, assuming for purposes of argument that counsel’s performance was deficient, there is nothing to suggest that the outcome of the trial would have been different. The defendant’s argument that the questions submitted by the jury reflect an intent to ensure that the defendant would benefit from a lesser sentence (attempt) or would be eligible for parole and that the outcome of the trial would have been different had the jury not been misinformed of the penalty provisions of La. R.S. 14:95.1 is pure conjecture. A reading of the exchange quoted above could lead to numerous interpretations and suggestions and we cannot speculate as to the effect, if any, of the prosecutor’s incorrect statement of the sentencing provisions. We are not convinced the prosecutor’s comment influenced the jury and contributed to the guilty verdict. See: State v. Maxwell, 2011-0564 (La.App. 4 Cir. 12/21/11), 83 So.3d 113.
We further note that, under La. R.S. 14:27, the attempt statute, a person convicted for attempt “shall be fined or imprisoned or both, in the same manner as for the offense attempted.” Thus, under either charge (possession of a firearm by a convicted felon or the attempt of same), the defendant would not have been eligible for parole. The prosecutor’s statement, while incorrect, is inconsequential and we find that the defendant has failed to carry his burden. Defendant’s assignments of error lack merit.
| ^CONCLUSION
Based on the foregoing, we affirm the convictions and remand for the limited purpose of amending defendant’s sentence under count one to include the mandatory fine under La. R.S. 14:95.1.

CONVICTION AFFIRMED; REMANDED

JONES, C.J., dissents.