PAUL A. BONIN, Judge.
B Having been found not guilty of the charge of illegal use of a weapon, a violation of La. R.S. 14:94, Tashon D. Sanchell appeals the jury’s guilty verdict on the offense of being a felon in possession of a firearm, a violation of La. R.S. 14:95.1, on the grounds that the evidence was insufficient for his conviction. Both counts arose out of the same incident and were tried at the same time.
Mr. Sanchell did not challenge his status as a felon or the fact that he shot Brodrick Sanders. On appeal Mr. Sanchell argues the jury’s verdict finding him guilty of possession of a firearm is inconsistent with its implicit finding that he was justified in his use of that same firearm. We find, however, that Mr. Sanehell’s conviction is not inconsistent with the jury’s supposed finding that his use of the firearm was justified. The jury needs only to have found Mr. Sanchell’s possession of the firearm, either before or after the shooting, to have been intentional and unjustified. Because the record contains testimony which, if believed by the jury and in the light most favorable to the prosecution, would be sufficient for any rational fact-finder to find beyond a reasonable doubt that Mr. Sanchell was in ^possession of the firearm either immediately before his justified use of it or longer than was necessary for its justifiable use.
Thus, following both our Jackson v. Virginia review for sufficiency and our review for errors patents under La.C.Cr.P. art. 920(2), we affirm Mr. Sanchell’s conviction. We do, however, remand this matter to the district court to remedy an error patent in the sentencing, which was the failure of the sentencing court to impose a mandatory fine.
I
In this Part we turn to the facts of the case.
Mr. Sanchell was going through contentious divorce proceedings in November 2010. On the morning of November 7, 2010, pursuant to a court order, Mr. Sane- *679 hell’s ex-wife was scheduled to drop off their daughter at a police station so that Mr. Sanchell could pick her up for his visitation day. Upon arriving at the police station, Mr. Sanchell was dismayed to find that his ex-wife and other members of her family remained at the station because he and his ex-wife had restraining orders in effect against one another and the purpose of transferring the child at the police station was that Mr. Sanchell and his ex-wife would not see each other. For reasons unknown Mr. Sanchell’s daughter did not want to leave with him, which prompted Mr. Sanchell to leave the police station angrily.
Driving away from the police station, Mr. Sanchell was en route to his grandmother’s house when Mr. Sanders drove up behind him. Mr. Sanders is his brother-in-law, the brother of his ex-wife. The two men made eye contact through |sthe rear-view mirror of Mr. Sanehell’s truck, and a chase ensued. Mr. Sanchell testified that Mr. Sanders was holding a gun in his right hand and steering with his left while following him. Mr. Sanders tried to pull up next to Mr. Sanchell, but Mr. Sanchell swerved left and right, trying to prevent Mr. Sanders from doing so. Mr. Sanchell feared that Mr. Sanders would shoot him if he were able to drive alongside him. Mr. Sanders, on the other hand, testified that he was pulling up next to Mr. Sanchell only in an effort to flee. Further, Mr. Sanchell’s swerving and staying in front of him was the cause of his following Mr. Sanchell. He was just trying to go to Walgreens to buy a toothbrush for his passenger, a high school student.
While fleeing, Mr. Sanchell called his aunt, his sister, and his mother. He told his aunt and his sister that Mr. Sanders was chasing him and trying to kill him. His mother was not awake yet, but he evidently left a message with someone in the house.[1]
Mr. Sanchell continued his flight until he arrived at his grandmother’s house, where he pulled into the driveway. Mr. Sanders also pulled into the driveway on the left side of Mr. Sanchell’s truck, scraping yellow paint from his Trans Am onto the left side of Mr. Sanchell’s truck and boxing him in. According to Mr. Sanchell, Mr. Sanders then shot at Mr. Sanchell several times but completely missed Mr. Sanders, his passengers, and his truck. About the same time Mr. Sanchell pulled into the driveway, his mother returned his phone call and told him that she had |4forgotten her nine millimeter handgun in his truck under the driver’s seat. Mr. Sanchell’s mother testified that the previous night she had borrowed Mr. Sanchell’s truck without his knowledge to drive to the grocery store. She had brought the firearm with her for protection and forgotten it under the seat.
Mr. Sanchell seized the firearm and fired once into the Trans Am, striking Mr. Sanders in the arm. Mr. Sanders then sped away at approximately 150 miles per hour down Broad St. towards a hospital. Mr. Sanchell went inside his grandmother’s house and called the'police. Finally, he went back outside, flagged down police officers driving down Broad St., and turned over his mother’s firearm to them.
Mr. Sanders overshot the hospital in his haste and was pulled over on the Broad St. overpass. When the police noticed that he had been shot, they searched him, his car, and his passenger for weapons and drugs, but found neither.
Officer Williams responded to the 911 call. He was not flagged down by Mr. *680 Sanchell, but he was not the first on the scene, so this fact does not impeach Mr. Sanchell’s credibility. What does impeach Mr. Sanchell’s credibility is Officer Williams’ testimony that the firearm used in the shooting was not turned over to the police as Mr. Sanchell claims, but that it was found hidden under a mattress in the first bedroom of his grandmother’s house.
JiH
In this Part we discuss Mr. Sanchell’s sole assignment of error, that the evidence was insufficient for his conviction. He argues that because the jury found his use of the firearm justified by self-defense or defense of others, the jury should have found that his possession of the firearm was likewise justified. We find that the evidence was sufficient for Mr. Sanchell’s conviction because the record contains evidence, which, if believed by the jury, serves to prove Mr. Sanchell’s guilt beyond a reasonable doubt.
A
We review an assertion of insufficiency of the evidence under the well-known Jackson v. Virginia standard. 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The critical inquiry for a court reviewing the sufficiency of. the evidence is “whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.” Id. at 318, 99 S.Ct. 2781. Importantly, the reviewing court does not determine whether it believed the evidence established guilt beyond a reasonable doubt. Id. at 318-319, 99 S.Ct. 2781, citing Woodby v. INS, 385 U.S. 276, 282, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). “Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. at 319, 99 S.Ct. 2781, citing Johnson v. Louisiana, 406 U.S. 356, 362, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972). “Jury verdicts finding guilty beyond a reasonable doubt are regularly sustained even though the evidence was such that the jury would have been justified in having a reasonable doubt.” Johnson, 406 U.S. at 362, 92 S.Ct. 1620.
|fiThe standard of review for sufficiency of evidence is highly deferential to the fact-finder in order to “give[ ] full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.” Jackson, 443 U.S. at 319, 99 S.Ct. 2781. “Once a defendant has been found guilty of the crime charged, the factfin-der’s role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution.” Id. Our review “impinges upon ‘jury’ discretion only to the extent necessary to guarantee the fundamental protection of due process of law.” Id.
The testimony of a single witness, if believed, may be sufficient to establish guilt beyond a reasonable doubt. “Absent internal contradiction or irreconcilable conflict with the physical evidence, a single witness’s testimony, if believed by the fact finder, is sufficient to support a factual conclusion.” State v. Marshall, 04-3139, p. 9 (La.11/29/06), 943 So.2d 362, 369; see also State v. Robinson, 10-0885, pp. 7-8 (La.App. 4 Cir. 12/21/10), 54 So.3d 1208, 1213.
B
Mr. Sanchell’s defense is grounded in the idea that all of his actions were justified by self-defense and the defense of others.
*681 “Justification” is codified in La. R.S. 14:18: “The fact that an offender’s conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct.” One of the specifically | ^numerated situations in which a defendant may claim justification is “[w]hen the offender’s conduct is in defense of persons.” La. R.S. 14:18(7). Justification has been recognized as providing a defense in any case in which it is not expressly prohibited, including a prosecution for violating La. R.S. 14:95.1. See State v. Blache, 480 So.2d 304 (La.1985); State v. Smith, 96-2502 (La.App. 4 Cir. 12/27/96), 686 So.2d 1009.
In Blache the Supreme Court limited the ability of a convicted felon to claim “justification” as a defense to La. R.S. 14:95.1:
We hold that when a felon is in imminent peril of great bodily harm, or reasonably believes himself or others to be in such danger, he may take possession of a weapon for a period no longer than is necessary or apparently necessary to use it in self-defense, or in defense of others. In such situation justification is a defense to the charge of felon in possession of a firearm.
This is not to say that a convicted felon is entitled to own or maintain possession of a weapon, constructive possession or otherwise, for protection, or for any other reason.
Blache, 480 So.2d at 308 (emphasis added). Because Mr. Sanchell’s justification for his possession of the firearm is limited to the time when he was acting in self-defense, his argument that we should find that the justification of the use extends to any possession of a weapon before and after the existence of the justification is without merit.
Mr. Sanchell’s argument that the jury’s finding his use justified necessarily requires the jury to also find his possession justified is without merit if the possession lasted longer than the time when he was acting in self-defense.
JaP
In this subpart we review the facts in the record, analyzing whether when viewed as a whole and in a light most favorable to the prosecution, the facts are such that a jury could not have found Mr. Sanchell guilty beyond a reasonable doubt.[2]
Mr. Sanchell asserts that he did not know the firearm was in his vehicle before his mother told him about it, and afterwards, his possession of it was justified by self-defense. Accepting that Mr. Sanchell was in fear for his life during the time when Mr. Sanders was chasing him through the time when Mr. Sanders drove away, his possession of the firearm was justified. Mr. Sanchell, however, was in possession of the firearm before and after that period in which the possession was justified by self-defense.
First, we will analyze Mr. Sanc-hell’s assertion that he did not know the firearm was in his track. Such a claim *682 would negate the general intent required for a conviction under La. R.S. 14:95.1. See State v. Jones, 539 So.2d 866, 868 (La.App. 4th Cir.1989). There was, however, clear evidence that Mr. Sanchell was in possession of the firearm. A rational jury could have that found Mr. Sanchell’s and his mother’s testimonies that Mr. Sanchell did not know of the firearm were not credible. The jury would then be left with evidence that Mr. Sanchell was out |fldriving the morning of November 7, 2010, with a firearm in his truck. And “guilty knowledge may be inferred from the circumstances of the transaction and proved by direct or circumstantial evidence.” See State v. Johnson, 03-1228, p. 5 (La.4/14/04), 870 So.2d 995, 998. Mr. Sanchell’s possession of the firearm under the driver’s seat of his own truck while he was driving it, along with his status as a convicted felon, would be sufficient evidence to prove that he was guilty beyond a reasonable doubt of being a felon in possession of a firearm.
The jury more likely found Mr. Sanc-hell’s possession of the firearm after the shooting to be the basis for his conviction, but a rational jury could have found either or both instances of possession sufficient for his conviction.
Mr. Sanchell testified that after the shooting, he flagged down police officers who were driving down Broad St. and handed his mother’s firearm to them. Officer Williams, however, testified that Mr. Sanchell did not hand over the firearm to the police, but that the firearm was found hidden underneath a mattress in the first bedroom of Mr. Sanchell’s grandmother’s house. Viewing the evidence in a light most favorable to the prosecution, a jury could have found that Mr. Sanchell retained constructive possession of the firearm by hiding it in his grandmother’s house. See State v. Smith, 98-0366, p. 7 (La.App. 4 Cir. 5/12/99), 744 So.2d 73, 77 (“Constructive possession, as opposed to actual possession, is sufficient to satisfy the possession element of La. R.S. 14:95.1”); State v. Mickel, 09-953 (La.App. 5 Cir. 5/11/10), 41 So.3d 532 (holding that the defendant was in constructive possession of a firearm hidden in his bedroom even though the |10defendant was out of town when the weapon was discovered). Mr. Sanchell’s situation, therefore, does not meet the limited applicability of the justification statute to La. R.S. 14:95.1.
Because Mr. Sanchell was in possession of a firearm at a time when such possession was not “justified,” we affirm his conviction.
IV
Appellate courts must review the record in all cases for errors patent. See La. C.Cr.P. art. 920(2). In this Part we discuss the sole error patent identified by us, which is related to the sentencing.
La. R.S. 14:95.1 B provides: “Whoever is found guilty of violating the provisions of this Section shall be imprisoned ... and be fined not less than one thousand dollars nor more than five thousand dollars.” The district court did not impose a fine. We, therefore, remand the ease for the imposition of Mr. Sanchell’s mandatory fine. See State v. Stephens, 09-0631, p. 10 (La.App. 4 Cir. 11/24/09), 27 So.3d 987, 993. Of course, after the sentence is amended, Mr. Sanchell’s right to appeal his sentence, as amended, is reserved to him.
DECREE
The conviction of Tashon B. Sanchell for being a felon in possession of a firearm is affirmed. The matter is, however, remanded to the district court for it to impose a sentence in accord with La. R.S. *683 14:95.1 B, including the imposition of a fine.
CONVICTION AFFIRMED; REMANDED FOR AMENDMENT OF SENTENCE

. Mr. Sanchell’s mother testified that she was awoken by her other son, who told her that Mr. Sanchell was being chased by Mr. Sanders.

. There is a split within this circuit whether the State or the defendant should bear the burden of proof when the defendant claims justification as a defense to being a felon in possession of a firearm. See State v. Cooks, 11-0342 (La.App. 4 Cir. 12/14/11), 81 So.3d 932. The burden would be either on the State to disprove the justification beyond a reasonable doubt or on the defendant to affirmatively prove his defense by a preponderance of the evidence. See id. at 939. We find the resolution of this issue is not necessary for the disposition of this case because the State has met its burden. Resolution of the split in jurisprudence, therefore, would be inappropriate to decide because it is not at issue in the present case.