LOBRANO, J.,
dissents with reasons.
Iff respectfully dissent from the majority’s opinion reversing the defendant’s conviction.
With respect to the first assignment of error, I do not find that the trial court erred in refusing to give the jury instructions on self-defense and justification. At the time at which Deputy Darren Vicknair testified he realized that there was or had been an altercation, he saw Desmond Douglas and Alvin Ivery facing off in the room. He could see that Ivery was holding two shanks behind his back. At that point, there was no physical confrontation between Douglas and the defendant or Douglas and Ivery or the defendant and Ivery. While defense counsel attempted to elicit that Deputy Vicknair witnessed an altercation between Douglas and the defendant, there was no suggestion by the defense or testimony from anyone that the defendant had any knives in his possession at the time of the fight in which the defendant was injured. While the defendant may have been stabbed by Douglas and may have stabbed Douglas, he would then have had to give the knives to Ivery, who was not injured, and pick them back up after Ivery put them on the table. It appears just as likely that Ivery, armed with his shanks, intervened to protect the defendant and, in the process, stabbed Douglas, then dropped the knives on the table.
l?In any event, the testimony of Deputy Vicknair was uncontradicted on the critical issue, which is that the defendant picked up the knives and placed them in his pants after the fight was over and Douglas and Ivery had been called out of the day room *921 by Deputy Vicknair. Once Ivery divested himself of the knives, he did not pose a threat to the defendant (assuming he had ever posed a threat). Douglas also no longer posed a threat, having been called out of the day room by Deputy Vicknair. Also, according to Deputy Vicknair, when the defendant picked up the knives, he attempted to walk away unnoticed; he did not seek to alert Deputy Vicknair that there were weapons which needed to be secured away from the prisoners. Thus, the defendant he did not divest himself of them at the earliest reasonable opportunity, but instead concealed them in his clothing, manifesting an intent to maintain possession of the concealed weapons. See State v. Sanchell, 2011-1672 (La.App. 4 Cir. 10/31/12), 103 So.3d 677, in which the defendant appeared to have been justified in arming himself, but he then hid the firearm under a mattress in his relative’s house instead of giving it to his girlfriend, who was present, or to one of the policemen who arrived on the scene in response to call for help. Thus, the trial court’s refusal to give the requested jury instructions did not prejudice substantial rights of the defendant.
In the second assignment of error, the defendant avers that the bill of information was fatally defective as it failed to properly charge him with an offense. This assignment of error does not merit reversal of the defendant’s conviction because any error in the bill was not raised in a timely matter by the defense and the defendant was not prejudiced. There was no objection to the defective bill of information on a timely basis. The motion for mistrial was directed more toward the jury charge, which was a correct statement of the law, than to the defective nature of the bill of information. Furthermore, a review of the entire record amply demonstrates that the defendant and his attorney were on | ¡¡notice that the State contended that he concealed the knives, as required to commit the offense of violating La. R.S. 14:95.1. For example, at arraignment the State turned over a copy of the police report to defense counsel. In that report, the offense is specifically listed as possessing or carrying of a concealed weapon. In the narrative portion, the detective who prepared the report stated that he advised the defendant that he was going to be arrested for carrying a concealed weapon. At the preliminary examination and motion hearing conducted on September 30, 2010, defense counsel extensively questioned the State’s witness about where in the clothing or on his person the defendant allegedly concealed the weapons. At the conclusion of the hearing, the trial court specifically found that there was probable cause to hold the defendant for the crime of carrying a concealed weapon.
Furthermore, in addition to the jury being correctly instructed on the elements of the offense, the parties discussed the element of concealment of the weapon throughout the voir dire. The jury verdict form correctly provided for three verdicts: (1) Guilty; (2) Guilty of attempted carrying a concealed weapon by a convicted felon; and (3) Not Guilty. Thus, despite the bill of information being defective, the jury was aware throughout the trial that in order to have committed the crime, the defendant had to have concealed the weapon; if the State did not prove concealment beyond a reasonable doubt, the jury could not render a verdict of guilty as charged as it did. The defendant was not convicted of a non-existent crime as he contends.
I would find that a review of the record for errors patent reveals two pertaining to the sentence imposed. The sentencing provisions of La. R.S. 14:95.1 provide that a person convicted of possession of a concealed weapon by a convicted felon “shall be imprisoned at hard labor for not less than ten nor more than fifteen years, with *922 out benefit of parole, probation or suspension of sentence and pay a fine of not less than one thousand dollars nor more than five thousand | ¿dollars.” The district court failed to impose the mandatory fine as required. The court also failed to deny the defendant’s eligibility for parole, probation, or suspension of sentence. Accordingly, the defendant’s sentence is illegally lenient.
In State v. Williams, 2003-0302 (La.App. 4 Cir. 10/6/03), 859 So.2d 751, this Court held that a reviewing court must remand cases for the imposition of a mandatory fine where the trial court failed to do so. Thus, in accordance with this Court’s jurisprudence, the matter should be remanded to the trial court for the imposition of the mandatory fine. See State v. Harris, 2011-0663, p. 4 (La.App. 4 Cir. 3/28/12), 88 So.3d 1223, 1225; State v. Jefferson, 2004-1960 (La.App. 4 Cir. 12/21/05), 922 So.2d 577; and State v. Brown, 2003-2155 (La.App. 4 Cir. 4/14/04), 895 So.2d 542.
In addition to these two sentencing errors, the bill of information failed to state that the defendant possessed a concealed weapon. The requirement that the weapon be concealed applies when it is a weapon other than a firearm which is possessed by the convicted felon. La. R.S. 14:95.1. The failure to include the language of concealment is raised in the defendant’s second assignment of error and was previously discussed.
Therefore, I would affirm the defendant’s conviction and sentence of fifteen years and remand the matter for imposition of the mandatory fine and denial of defendant’s eligibility for parole, probation or suspension of sentence required by La. R.S. 14:95.1.