JAMES F. McKAY III, Chief Judge.
hOn September 3, 2014, the Louisiana Supreme Court issued a Per Curiam, in a five to two split panel decision, finding that this Court erred as a matter of law in *650 reversing the defendant’s conviction and sentence and instructed this Court to consider the defendant’s remaining assignments of error which had been pretermit-ted. This opinion follows.
ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error the defendant asserted that the trial court erred when it refused to give his requested instructions regarding self-defense, necessity and justification. This Court reversed the district court’s ruling in a split panel decision.[1] The State filed a writ of certiorari with the Louisiana Supreme Court which was granted. State v. Perkins, 2013-1917 (La.3/21/14), 135 So.3d 626. The Louisiana Supreme in the September 3, 2014 Per Curiam, held that the defendant, Joseph Perkins, was not entitled to jury instructions on self-defense and justification for the charge offense of possession of a “shank” by a convicted felon, |¡>a violation of La. R.S. 14:95.1, while he was incarcerated in the Orleans Parish Prison and reinstated his conviction and sentence.
ERRORS PATENT
A review of the record for errors patent reveals two pertaining to the sentence imposed. The sentencing provisions of La. R.S. 14:95.1 provide that a person convicted of possession of a concealed weapon by a convicted felon “shall be imprisoned at hard labor for not less than ten nor more than fifteen years, without benefit of parole, probation or suspension of sentence and pay a fine of not less than one thousand dollars nor more than five thousand dollars.” The district court failed to impose the mandatory fine as required. The court also failed to deny the defendant’s eligibility for parole, probation, or suspension of sentence. Accordingly, the defendant’s sentence is illegally lenient.
In State v. Williams, 2003-0302 (La. App. 4 Cir. 10/6/03), 859 So.2d 751, this Court held that a reviewing court must remand cases for the imposition of a mandatory fine where the trial court failed to do so. Thus, in accordance with this Court’s jurisprudence, the matter is remanded to the district court for the imposition of the mandatory fine. See State v. Hams, 2011-0663, p. 4 (La.App. 4 Cir. 3/28/12), 88 So.3d 1223, 1225; State v. Jefferson, 2004-1960 (La.App. 4 Cir. 12/21/05), 922 So.2d 577; and State v. Brown, 2003-2155 (La.App. 4 Cir. 4/14/04), 895 So.2d 542.
In addition to these two sentencing errors, the bill of information failed to state that the defendant possessed a concealed weapon. The requirement that the weapon be concealed applies when it is a weapon other than a firearm which is possessed by the convicted felon. La. R.S. 14:95.1. The failure to include the 1 slanguage of concealment is raised in the defendant’s second assignment of error and will be discussed there.
ASSIGNMENT OF ERROR NUMBER 2
In his second assignment of error, the defendant avers that the bill of information was fatally defective as it failed to properly charge him with an offense. Thus, he contends he was convicted of conduct which does not constitute a crime in Louisiana. The State in its brief responds that any error in the bill was not raised in a timely matter by the defense, and therefore, no relief is warranted. The State is correct.
As noted in the errors patent discussion, the bill of information filed in this matter failed to properly charge the defendant with violating La. R.S. 14:95.1. That stat *651 ute provides that a convicted felon is prohibited from possessing or carrying a concealed dangerous weapon; also under the statute a convicted felon is prohibited from possessing a firearm, without any requirement that the firearm be concealed. Here, the State in the bill charged the defendant in pertinent part with having “possessed a dangerous weapon, to wit: a shank (homemade knife), the said Joseph Perkins having been previously convicted of a felony, ...”[2] Thus, the bill of information omitted the necessary element that the weapon was concealed. This omission, an error patent on the record, rendered the bill “defective because it failed to charge a crime punishable by a valid statute.” State v. Ordon, p. 3, 96-1710 (La.App. 4 Cir. 7/16/97), 697 So.2d 1074, 1075. However, as was ^recognized by this Court in Ordon, in State v. James, 305 So.2d 514 (La.1974), the court held that such an error does not necessarily require reversal:
[T]he James court held that constitutional considerations did not require reversal “where in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution.” Id. at 516-17.
Ordon, p. 3, 697 So.2d at 1075-76. See also State v. Allen, 2001-2494, p. 1 (La.6/21/02), 824 So.2d 344, “[A] defendant may not raise the sufficiency of an indietment for the first time after conviction ... especially when the charging document fairly informed him of the charge against him and the alleged defect did not prejudice him.”
In the instant case, there was no motion to quash the bill of information filed. There was no objection to the bill made when it was read to the jury. The first time the defect in the bill was raised was after the jury had retired to deliberate. At that time, defense counsel moved for a mistrial on the basis that the jury instruction given by the court regarding the offense and responsive verdicts was not “consistent with the bill of information.” Defense counsel noted that the bill of information was read to the jury at the beginning of the trial and that the bill did not contain the allegation that the knife was a concealed weapon. The district court read the bill of information into the record, and then agreed that “the law says it has to be a concealed weapon. When you read 14:95.1, that’s the elements of the crime charged.” The district court then denied the mistrial. A review of the trial transcript, specifically the charge conference between the trial court and the attorneys regarding the proposed jury instructions, confirms that the district court Dread the elements of the offense and attempted offense directly from the statute; thus the jury was instructed that an element of the offense was that the weapon had been concealed. No objection was made to the proposed jury instruction during the charge conference. However, following his conviction, the defendant did raise the issue of the defective bill of information in a Motion in Arrest of Judgment which the district court denied.
*652 There was no objection to the defective bill of information on a timely basis. The motion for mistrial was directed more toward the jury charge, which was a correct statement of the law, than to the defective nature of the bill of information. Furthermore, a review of the entire record amply demonstrates that the defendant and his attorney were on notice that the State contended that he concealed the knives, as required to commit the offense of violating La. R.S. 14:95.1. For example, at arraignment the State turned over a copy of the police report to defense counsel. In that report, found in the record at pages 223-24, the offense is specifically listed as possessing or carrying of a concealed weapon. In the narrative portion, the detective who prepared the report stated that he advised the defendant that he was going to be arrested for carrying a concealed weapon. At the preliminary examination and motion' hearing conducted on September 30, 2010, defense counsel extensively questioned the State’s witness about where in the clothing or on his person the defendant allegedly concealed the weapons. At the conclusion of the hearing, the district court specifically found that there was probable cause to hold the defendant for the crime of carrying a concealed weapon.
Furthermore, in addition to the jury being correctly instructed on the elements of the offense, the parties discussed the element of concealment of the weapon throughout the voir dire. The jury verdict form correctly provided for |fithree verdicts: (1) Guilty; (2) Guilty of attempted carrying a concealed weapon by a convicted felon; and (3) Not Guilty. Thus, despite the bill of information being defective, the jury was aware throughout the trial that in order to have committed the crime, the defendant had to have concealed the.weapon; if the State did not prove concealment beyond a reasonable doubt, the jury could not render a verdict of guilty as charged as it did. The defendant was not convicted of a non-existent crime as he contends.
Based on the entire record, and the failure of the defendant to raise the issue of the defective bill on a timely basis, this assignment of error does not merit reversal of the conviction for violating La. R.S. 14:95.1 because the defendant was not prejudiced.
CONCLUSION
Accordingly, based on this Court’s consideration of the defendant’s second assignment error and finding no merit to the defendant’s argument, we affirm the defendant’s conviction and sentence of fifteen years. However, finding a patent error, the matter is remanded for imposition of the mandatory fine required by La. R.S. 14:95.1.
AFFIRMED AND REMANDED

. The specific facts concerning this case are fully reported in this Court's opinion. State v. Perkins, 2012-0662, pp. 2-6 (La.App. 4 Cir. 7/31/13), 120 So.3d 912, 914-16.

. The defendant does not contend that he is not within the class of felons who are prohibited from possessing a concealed weapon, nor does he contend that the State failed to prove at trial his status as a convicted felon as charged in the bill of information.